

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2005

# Winters v. Lepley

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4743

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Winters v. Lepley" (2005). *2005 Decisions*. Paper 1200.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1200

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-194                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4743
_____

STEPHEN J. WINTERS,
Appellant

v.

GEORGE E. LEPLEY, JR.; JOSEPH M. DEVECKA;
BRIAN W. ULMER; LINDA RICHARDS;
GLENN D. HOLLIER; RANDY POLLICK;
DOUGLAS J. SAMBER; DAVID M. JORDAN

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-02371)
District Judge:  Honorable Yvette Kane

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
April 7, 2005
Before:  ROTH, BARRY AND SMITH, <u>CIRCUIT JUDGES</u>

(Filed May 12, 2005 )

_____

OPINION

_____

PER CURIAM.

Stephen Winters, currently an inmate at the State Correctional Institution in Waynesburg, Pennsylvania, filed a complaint, which he later amended, pursuant to 42 U.S.C. § 1983 against state officials as well as three attorneys who represented Winters in his state criminal proceedings. Winters alleged various constitutional violations relating to his arrest, trial and conviction in state court on charges of possession with intent to deliver cocaine. Winters sought damages and release from confinement.

All of the defendants filed motions to dismiss, contending, inter alia, that Winters fails to state a claim upon which relief can be granted. As to the claims against the attorneys, the Magistrate Judge found that because the attorneys are not state actors, Winters' claims against those defendants must fail. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). As to the remaining defendants, the Magistrate Judge found that success on Winters' claims would necessarily imply the invalidity of his criminal conviction in state court, and thus the claims are premature. See Heck v. Humphrey, 512 U.S. 477 (1994). Therefore, the Magistrate Judge recommended dismissing Winters' claims.

Winters objected, contending, inter alia, that the Magistrate Judge improperly refused to recuse himself, presumably because the Magistrate Judge had recommended dismissal of a similar, prior suit that Winters had filed. The District Court found that all of Winters' claims are premature under Heck. In addition, the court found that Winters' challenge to the Magistrate Judge's objectivity lacks merit. Accordingly, the District Court overruled Winters' objections, adopted the Report and Recommendation, and

granted all of the defendants' motions to dismiss.

Winters timely filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. Winters has been granted leave to proceed in forma pauperis on appeal. When an appellant proceeds in forma pauperis, this Court must dismiss the appeal if it is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A frivolous appeal has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). After a review of the record, we will dismiss this appeal as frivolous.

Because success on Winters' claims, which attack the validity of his criminal conviction in state court, would necessarily demonstrate the invalidity of his confinement, they are not properly raised at this time in a § 1983 action. See Wilkinson v. Dotson, 125 S. Ct. 1242, 1248 (2005). Thus, the District Court correctly concluded that Winters' claims are premature until the basis for his conviction is rendered invalid. See Heck, 512 U.S. at 486-87. In addition, Winters' claims against the attorneys were properly denied as he cannot show that the attorneys acted under the color of state law or that their actions are fairly attributable to the state. See Dodson, 454 U.S. at 325.[1] The District Court also correctly noted that, after exhausting his available remedies in state court, Winters may reassert his challenges to his conviction via a properly filed federal habeas corpus

---

[1] Winters also filed a separate § 1983 complaint against Joseph Devecka, one of the attorneys who represented Winters during the state criminal proceedings and who is named as a defendant in this action as well. See Winters v. Devecka, M.D. Pa. 04-01802. The District Court dismissed the complaint in that case for failure to state a claim upon which relief can be granted. Winters' appeal of that decision is pending before this Court at C.A. No. 04-4639.

3

petition.  See 28 U.S.C. § 2254.  Furthermore, we note that Winters' assertions that the Magistrate Judge acted improperly in issuing the Report and Recommendation lack merit. Accordingly, the District Court properly granted the defendants' motions to dismiss.

In sum, because Winters' appeal lacks arguable merit, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).